## PIERCE et v JACOBY et

Ohio Appeals, 2nd Dist, Franklin Co
No. 1960.   Decided Dec 20, 1930

Waymon McClesky, for Pierce et.

Knepper & Wilcox, Columbus, for Jacoby et.

## BY THE COURT.

It is claimed by plaintiffs that Bird Jacoby takes title from J. Wilbur Jacoby, he by payment of the judgment being subrogated to the rights of the Loan Company.

The record is so meager on this subject that it is difficult to adjudicate it satisfactorily, but in one place J. Wilbur Jacoby testified that Bird Jacoby paid the deficiency judgment to the loan company. If this be true the assignment could properly have been made to Bird Jacoby. Under the circumstances, we can not say that he is not the owner of the judgment. The bona fides of his ownership is not material in the view that we take of the evidence.

Concerning the claim of fraud against J. Wilbur Jacoby we do not find that it is established. His conduct may be reconciled without imputing fraudulent conduct to him. It is not necessary to set forth the evidence at length upon which we base our conclusion as this would unnecessarily burden the record. The conduct of Mr. Jacoby is not all that we would have it. The fact that he was the purchaser of the property; that it sold for $1,000.00 only; that the appraisement after the sale was considerably higher than before; the purchase of the deficiency judgment by his son and business partner, and finally that the plaintiffs although within easy distance were not notified of the sale all are unfortunate circumstances in the record. On the other hand the carelessness of the plaintiffs toward their property is so pronounced as to cause a court of equity to hesitate to intervene to save them from a situation into which they have gotten largely by their own acts. It is doubtful if they were willing, at any time, to put up enough money to properly finance the property. After they learned of J. Wilbur Jacoby's failure to keep faith with them, accepting their statement of the relation he bore to them, they yet had time to have intervened and urged their objection to the confirmation of the sale before the entry of confirmation was made. Business men such as plaintiffs can not be heard to say that they did not know what course to pursue. When they learned that their interest had been neglected they should, have secured someone who would have protected it.

Should we hold that Mr. Jacoby, Sr., was acting as agent for plaintiff in purchasing the property then in simple justice we would be required to see that he was reimbursed for his proper expenditures. It is probable that if he had not been interviewed by the plaintiffs and they had acted independently of him they would be in no better position today than if they take over the property subject to the necessary expenditures that have been made by reason of the sale and repairs. Their liability on the assumption of a debt secured by the mortgage, except for interest and costs, is no greater now than it was at the date of the sale.

Upon broad equitable principles, we believe that the plaintiffs should have the option of taking title to the property under consideration, subject to the deficiency judgment, upon making J. Wilbur Jacoby whole.

We therefore direct that if plaintiffs desire to accept the plan hereinafter stated on or before December 31st next J. Wilbur Jacoby prepare and present a full statement of claim representing expenditures made in connection with the real estate in ques-

tion, with interest at 6 per cent, allowing credit thereon of all receipts from said premises with interest, to plaintiffs, or their counsel, and that within one week after presentation plaintiff shall notify defendant, J. Wilbur Jacoby, or his counsel, of acceptance or rejection of the claim as tendered. If accepted then upon payment of amount agreed to be due, J. Wilbur Jacoby shall execute and deliver to plaintiffs his quit claim deed to the real estate described in the petition with release of dower, if required.

If plaintiffs do not desire to pay J. Wilbur Jacoby, upon the basis heretofore set forth, they will notify this court and J. Wilbur Jacoby or his counsel on or before December 26th next and the prayer of the petition will be denied. If plaintiffs desire to avail themselves of the opportunity to take over the real estate upon the plan suggested by the court but cannot agree upon the amount due J. Wilbur Jacoby that fact shall be reported to court and counsel on or before January 6, 1931, and we will name a master to take testimony upon the items in dispute and to report to the court.

It is understood that in any event the court is not modifying the liability of the plaintiffs on the deficiency judgment execution upon which is in the hands of the sheriff of Franklin County, but any further action by the sheriff will be stayed pending a determination of the rights of the parties upon the plan herein embodied.

HORNBECK, J, KUNKLE, PJ, ALLREAD, J, concur.